**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: Administrative Subpoenas to Children's Hospitals | Case No. 1:26-cv-1834<br><br>**MOTION FOR CLASS CERTIFICATION, TO QUASH REQUESTS 11–13, AND FOR A PRELIMINARY INJUNCTION ENJOINING DOJ FROM SEEKING COMPLIANCE WITH OR ENFORCING SUBPOENA REQUESTS 11–13** |

1. Movants, 11 families who received transgender healthcare, for either themselves or their children, through Children's National Hospital's Gender Development Program, Connecticut Children's Medical Center's Gender Program, Michigan Medicine's Child and Adolescent Gender Services, or Rady Children's Hospital's Center for Gender-Affirming Care from January 1, 2020, to the present, respectfully move (1) for class certification under Rule 23(b)(2); (2) to quash the subpoenas duces tecum (Subpoenas) issued by the U.S. Department of Justice (DOJ) to over 20 healthcare providers nationwide pursuant to 18 U.S.C. § 3486; and (3) for a preliminary injunction enjoining DOJ from seeking compliance with or enforcing Requests 11–13 of the Subpoenas against any class member's healthcare provider.

2. At least two Movants currently reside in Maryland and four families received services from Children's National Hospital in Maryland.

3. Upon information and belief, on June 11, 2025, DOJ served over 20 Subpoenas "to doctors and clinics involved in performing transgender medical procedures on children,"[1]

---

[1] Department of Justice Subpoenas Doctors and Clinics Involved in Performing Transgender Medical Procedures on Children, OFF. OF PUB. AFFS., U.S. DEP'T OF JUST. (July 9, 2025), https://www.justice.gov/opa/pr/department-justice-subpoenas-doctors-and-clinics-involved-performing-transgender-medical.

including Children's National Hospital, Connecticut Children's Medical Center, Michigan Medicine, and Rady Children's Hospital.

4.      Upon information and belief, the Subpoenas are identical or substantially similar to the subpoenas issued to Boston Children's Hospital and Children's Hospital of Philadelphia.[2] These two subpoenas are publicly available and include the same 15 requests for documents.[3] See Exhibit 16.

5.      Upon information and belief, the Subpoena demands the disclosure of Movants' identities and confidential medical and family information related to their receipt of transgender healthcare, including highly sensitive records regarding diagnoses, clinical assessments, and informed consent.[4] These Requests violate Movants' privacy rights and seek extremely personal medical records of minors and other patients, risking nonconsensual disclosure and undermining the trust essential to the provider-patient relationship. Such disclosures could deter Movants from seeking necessary care.

6.      Further, the Subpoena appears to have been issued for an improper purpose. The current administration has publicly stated its intention to end transgender healthcare. It has boasted that healthcare providers had paused treatment for transgender minors, achieving the "intended effect" of its efforts.[5] The sweeping nature of these Requests appears to be for the

---

[2] *See In Re: Administrative Subpoena No. 25-1431-019,* 1 :25-mc-91324 (D. Mass. July 8, 2025) (ECF 5-1); *In Re: Subpoena No. 25-1431-014,* 2:25-mc-00039 (E.D. Pa. July 8, 2025) (ECF 1, Ex . F).

[3] Email from Ross Goldstein , U.S. Dep't of Just., to Eve Hill (Nov. 14, 2025), Mot. to Quash Ex. W, *In re CNH Subpoena*, No. 1:25-cv-03780 (D. Md. Nov. 17, 2025) (ECF 1-38).

[4] *See supra* notes 2 and 3.

[5] President Trump Is Delivering on His Commitment to Protect Our Kids, THE WHITE HOUSE (Feb. 3, 2025), https://www.whitehouse.gov/releases/2025/02/president-trump-is-delivering-on-his-commitment-to-protect-our-kids/.

purpose of advancing the administration's goal of singling out and harming a small group of vulnerable patients who are seeking medically necessary healthcare.

7.     Movants specifically seek to quash the following Requests in the Subpoenas:

    a.   Request 11: "Documents sufficient to identify each patient (by name, date of birth, social security number, address, and parent/guardian information) who was prescribed puberty blockers or hormone therapy."

    b.   Request 12: "[D]ocuments relating to clinical indications, diagnoses, or assessments that formed the basis for prescribing puberty blockers or hormone therapy."

    c.   Request 13: "All documents relating to informed consent, patient intake, and parent or guardian authorization for minor patients identified in [Request 11], including any disclosures about off-label use (i.e., uses not approved by the United States Food and Drug Administration) and potential risks."

    d.   All other requests (Request 1 through Request 15) to the extent such requests or sub-requests call for the production of the identities or personal health information of Movants or their parents or guardians.

8.     The questions presented by the motion to quash are common to the class and the relief requested applies to the class as a whole.

9.     The class under Rule 23(b)(2) is defined as: all minors, along with their parents or guardians, whose personal health information (PHI) or identifying information is subject, now or in the future, to compelled disclosure under a DOJ subpoena issued under 18 U.S.C. § 3486 as part of DOJ's national investigation into the distribution of certain prescription drugs to minors with gender dysphoria and related disorders seeking records or other PHI relating to transgender

healthcare, including but not limited to patient-identifying information, parent/guardian information, clinical records, and informed-consent, intake, and parent or guardian authorization materials, and served on any health care provider or custodian of pediatric medical records, regardless of whether the recipient is formally designated a "children's hospital" under federal law.[6]

10.    Movants seek to be appointed as class representatives and request appointment of their attorneys from Brown Goldstein & Levy, LLP, GLBTQ Legal Advocates & Defenders (GLAD Law), and National Center for LGBTQ Rights (NCLR) as class counsel under Federal Rule of Civil Procedure 23(g).

11.    Movants seek a preliminary injunction enjoining DOJ from seeking, demanding, receiving, or using patient-identifying information or patient medical records responsive to Requests 11–13 (or materially identical PHI requests) in any proceeding or collection effort; requiring sequestration and non-use of any such PHI already obtained; and requiring DOJ to provide at least seven days' advance notice to class counsel—and to refrain from receiving or reviewing any such PHI during that period—before filing any enforcement petition or otherwise seeking production of those PHI requests against any provider.

12.    Movants incorporate by reference the accompanying memorandum of law and supporting declarations.

**WHEREFORE,** Movants respectfully request that this Court (1) certify a class under Rule 23(b)(2); (2) appoint Class Representatives and Class Counsel under Rule 23(g); (3) quash Requests 11–13 (and any materially identical patient-data requests) in each § 3486 administrative

---

[6] Gov't Pet. to Enforce Admin. Subpoena at 1, *In re Admin. Subpoena 25-1431-032*, No. 4:26-mc-00006 (N.D. Tex. Apr. 30, 2026) (ECF 1).

subpoena identified in the class definition pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) and 18 U.S.C. § 3486; (4) enter a preliminary injunction enjoining DOJ from seeking, demanding, receiving, or using PHI responsive to Requests 11–13 (or materially identical PHI requests, however captioned), requiring sequestration and non-use of any such PHI already obtained, and requiring at least seven days' advance notice to class counsel before any enforcement petition; and (5) grant such other and further relief as the Court deems just and proper.

Dated:  May 8, 2026

*/s/ Eve L. Hill*

Eve L. Hill (Bar No. 424896)
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com

Joshua D. Rovenger (*pro hac vice* motion
   forthcoming)
Donovan C. Bendana (*pro hac vice* motion
   forthcoming)
GLBTQ LEGAL ADVOCATES & DEFENDERS
(GLAD LAW)
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
jrovenger@gladlaw.org
dbendana@gladlaw.org

Shannon Minter (*pro hac vice* motion forthcoming)
Rachel Berg (*pro hac vice* motion forthcoming)
NATIONAL CENTER FOR
LGBTQ RIGHTS
1401 21st Street # 11548
Sacramento, California 95811
(415) 365-1338
sminter@nclrights.org
rberg@nclrights.org

*Attorneys for Movants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Motion for Class Certification, to Quash Requests 11–13, and for a Preliminary Injunction Enjoining DOJ from Seeking Compliance with or Enforcing Subpoena Requests 11–13; Memorandum of Law in Support of Motion for Class Certification, to Quash Requests 11–13, and for a Preliminary Injunction Enjoining DOJ from Seeking Compliance with or Enforcing Subpoena Requests 11–13; and Proposed Order were served via email, on May 9, 2026, and first-class mail on May 11, 2026, to Requester U.S. Department of Justice as follows:

> Kelly O. Hayes
> **U.S. Attorney for the District of Maryland**
> 36 S. Charles Street
> 4th Floor
> Baltimore, MD 21201
>
> Jolene Anne Lauria
> **U.S. Department of Justice**
> **Justice Management Division**
> 950 Pennsylvania Avenue, NW
> Room 1111
> Washington, DC 20530
>
> Ross S. Goldstein
> Patrick Runkle
> Scott B. Dahlquist
> **U.S. Department of Justice**
> 950 Pennsylvania Ave., NW
> Washington, DC 20530
> Ross.Goldstein@usdoj.gov
> Patrick.R.Runkle@usdoj.gov
> Scott.B.Dahlquist@usdoj.gov

*/s/ Eve L. Hill*
Eve L. Hill