# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

In Re Administrative Subpoenas to
Children's Hospitals

Case No.: _____

**DECLARATION OF PARENT I.I.**

1. I am the parent of Youth I.I., a young adult who, as a minor, received medical care at Children's National Hospital ("CNH") beginning in approximately the fall of 2022 and continuing until approximately the summer of 2025. At that time, and continuing to the present, we were and remain residents of Maryland.

2. My child received care at several of CNH's locations, including one in Rockville, Maryland. That care included evaluation and treatment for gender dysphoria, testosterone suppression, hormone replacement therapy, and related follow-up care.

3. My child's pediatrician referred us to CNH. I believed that CNH's Gender Development Program was the place where my child could receive appropriate and high-quality care.

4. We chose CNH because we understood it to have specialized expertise in caring for transgender youth and adolescents with complex needs. We trusted that its providers would handle sensitive issues with care, professionalism, and respect. We also relied on our understanding that my child's private medical information would remain confidential and within the healthcare system.

5. During my child's care at CNH, my child and I interacted with CNH providers in person, through telehealth, and through the patient portal. Some of my child's evaluation took

place by telehealth. I also communicated with CNH through the portal on my child's behalf.

6. Throughout those visits and communications, my child and I disclosed deeply private information to CNH providers. That information included details about my child's physical health, gender dysphoria, gender-related treatment, mental and emotional health, family circumstances, school and social life, and other matters affecting my child's safety, stress, and well-being.

7. We shared that information because we understood that CNH providers needed to know my child as a whole person in order to evaluate her, make treatment recommendations, prescribe and monitor medication, and adjust treatment over time.

8. I understood that my child's records might be used within the healthcare system, including CNH providers or other clinicians involved in her care, to coordinate treatment and handle routine medical matters. I did not expect that my child's records could be turned over to federal government investigators, prosecutors, or lawyers who are not part of her medical team.

9. Neither my child nor I have voluntarily provided my child's diagnoses, treatment history, or CNH medical records to the federal government. We have not been contacted by federal officials about my child's care. We have not been told that my child's treatment is the subject of or relevant to any legitimate government investigation.

10. The possibility of disclosure has increased my stress as a parent. I love my child very much and want the best for her. I have worked hard to help her obtain appropriate care, and it is frightening to think that the private medical records created during that care could be placed in the hands of government officials.

11. I am also concerned about the current climate toward transgender people and the possibility that my child's records could be used against her in some way.

12. If we are not allowed to proceed under pseudonyms, I would have to seriously consider withdrawing from this case to protect my child and our family.

13. For all these reasons, I strongly object to the disclosure of my child's medical records to the government.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Parent II._                                   Dated: _5/5/26_

**Parent I.I.**