# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re Administrative Subpoenas to Children's Hospitals | Case No.: _____ |

**DECLARATION OF PARENT J.J.**

1. I am the parent of a15-year-old daughter who is transgender. We are residents of Washington, D.C.

2. Children's National Hospital ("CNH") has been my child's pediatric provider since she was born. My child continues to receive pediatric and mental health care from CNH.

3. In 2023, my child received a puberty blocking implant through CNH. CNH also has records relating to my child's estrogen dosage, even though that medication was prescribed by a medical provider outside CNH, because CNH is my child's pediatric provider.

4. My child's care at CNH has involved multiple providers, including pediatric providers, mental health professionals, a therapist, and a psychiatrist. My child continues to see a therapist at CNH approximately every two weeks and also still receives care from a CNH psychiatrist.

5. CNH providers know highly personal information about my child. Through her pediatric and mental health care, my child and our family have shared information about her physical health, development, mental and emotional health, gender identity, family life, safety, and other private matters.

6. My child's therapist at CNH knows extremely private information about her. My child has also spoken with CNH mental health providers privately, outside my presence. Privacy has been essential to my child's ability to speak honestly with those providers.

7. Some of the most sensitive information in my child's records concerns suicidal ideation. That is not information we share publicly or broadly. We trusted CNH providers to handle that information carefully and sensitively because they were helping care for my child.

8. We provided this information to CNH because we believed CNH needed it to give my child appropriate medical and mental health care. We understood that those conversations were private medical discussions and relied on them staying within the medical-care setting.

9. CNH mental health providers assured us that what we shared would remain confidential. That assurance mattered to us because we were trusting CNH with our child's health in all aspects of her life.

10. I did not expect that my child's medical and mental health records could be turned over to government lawyers or investigators who are not involved in her care. The possibility that the government could obtain these records is terrifying for our family.

11. My child has had nightmares about the government coming in and taking away her medication and the implant in her arm. This is her worst nightmare. She has been unable to sleep at night because of these fears.

12. My biggest fear is that my child could be taken away from us or that I could be prosecuted for seeking medical care for my child. I also fear for my child's safety and our

family's safety if this information were to become public. We just want our daughter to be a child and not have to worry about any of this.

13. Disclosure of my child's records would cause severe emotional harm. It would also affect her ability to trust doctors and mental health providers. If she believes that what she says in therapy or medical appointments can be given to the government, she will be less willing to speak candidly with the people responsible for helping her.

14. Disclosure would also affect my willingness as a parent to seek care and share sensitive information. If my child's medical records are disclosed, we would have to seriously rethink where we seek care and potentially where we live in order to obtain care that we believe is safe from government disclosure.

15. I do not believe redacting our names would protect our privacy. There are not many families in our situation seeking this kind of care, and details such as my child's age, location of care, timing of treatment, providers, mental health history, and family circumstances could easily identify us.

16. I am also concerned about our names being publicly linked to this case. We want to fight to protect our child and her medical privacy, but we do not want to unnecessarily expose our family to harm. We also do not want our daughter to know that there is a possibility her medical records could be disclosed to the federal government.

17. For all these reasons, I strongly object to the disclosure of my child's CNH medical and mental health records to the government.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____   Dated: May 5, 2026

Parent J.J.