# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

In re Administrative Subpoenas to
Children's Hospitals

Case No.: _____

**DECLARATION OF PARENT M.M.**

1. I am the parent of a 14-year-old daughter who is transgender. We are residents of Ann Arbor, Michigan.

2. The University of Michigan, Michigan Medicine has been my child's pediatric provider since 2020.

3. In 2023, my child started to receive puberty blocking medication through Michigan Medicine. Michigan Medicine also has records relating to my child's estrogen dosage.

4. My child's care at Michigan Medicine has involved multiple providers, including physicians, nurses, mental health clinicians, and other staff.

5. Michigan Medicine providers know highly personal information about my child. Through her pediatric and mental health care, my child and our family have shared information about her physical health, development, mental and emotional health, gender identity, family life, safety, and other private matters.

6. My child's mental health provider at Michigan Medicine knows extremely private information about her. My child has also spoken to that provider privately, outside my presence. Privacy has been essential to my child's ability to speak honestly with that provider.

7. We provided this information to Michigan Medicine because we believed Michigan

Medicine needed it to give my child appropriate medical and mental health care. We understood that those conversations were private medical discussions and relied on them staying within the medical-care setting.

8. Michigan Medicine mental health providers assured us that what we shared would remain confidential. That assurance mattered to us because we were trusting Michigan Medicine with our child's health in all aspects of her life.

9. I did not expect that my child's medical and mental health records could be turned over to government lawyers or investigators who are not involved in her care. The possibility that the government could obtain these records is terrifying for our family.

10. Disclosure of my child's records would cause her severe emotional harm. It would also affect her ability to trust doctors and mental health providers. If she believes that what she says in medical or mental health appointments can be given to the government, she will be less willing to speak candidly with the people responsible for helping her.

11. Disclosure would also affect my willingness as a parent to seek care and share sensitive information. If my child's medical records are disclosed, we would have to seriously rethink where we seek care and potentially where we live to obtain care that we believe is safe from government disclosure.

12. I do not believe redacting our names would protect our privacy. There are not many families in our situation seeking this kind of care, and details such as my child's age, location of care, timing of treatment, providers, mental health history, and family circumstances could easily identify us.

13. I am also concerned about our names being publicly linked to this case. We want to fight to protect our child and her medical privacy, but we do not want to unnecessarily expose

our family to harm and risk our safety.

14. For all these reasons, I strongly object to the disclosure of my child's Michigan Medicine medical and mental health records to the government.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  5/6/2026

**Parent M.M.**