# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

In re Administrative Subpoenas to
Children's Hospitals

Case No.: _____

**DECLARATION OF PARENT O.O.**

1.  I am the parent of a 17-year-old child who is transgender. We are residents of
    Ann Arbor, Michigan.

2.  The University of Michigan, Michigan Medicine has been my child's medical care
    provider since 2020.

3.  In 2020, my child started to receive puberty blocking medication through Michigan
    Medicine. Michigan Medicine also has records relating to my child's estrogen dosage.

4.  My child's care at Michigan Medicine has involved multiple providers, including
    physicians, nurses, mental health clinicians, and other staff.

5.  Michigan Medicine providers know highly sensitive information about my child.
    Through her pediatric and mental health care, my child and our family have shared
    information about my child's physical and mental health, gender identity, family life,
    and other private matters.

6.  We provided this information to Michigan Medicine because we believed Michigan
    Medicine needed it to give my child appropriate medical and mental health care. We
    understood that those conversations were private medical discussions and relied on that
    information remaining within the medical-care setting.

7.  Michigan Medicine mental health providers assured us that what we shared would remain

confidential. That assurance mattered to us because we trusted Michigan Medicine with our child's health in all aspects of her life.

8. I did not expect that my child's medical and mental health records could be turned over to government lawyers or investigators who are not involved in my child's care. The possibility that the government could obtain these records is extremely terrifying for our family.

9. Disclosure of my child's records would cause severe emotional harm. It would also affect her ability to trust doctors and mental health providers. If my child believes that what she says in medical or mental health appointments can be given to the government, my child will be less willing to speak candidly with the people responsible for helping her.

10. Disclosure would also affect my willingness as a parent to seek care and share sensitive information. If my child's medical records are disclosed, we would have to seriously rethink where we live to obtain care that we believe is safe from government disclosure.

11. I do not believe redacting our names would protect our privacy. There are not many families in our situation seeking this kind of care, and details such as my child's age, location of care, timing of treatment, providers, mental health history, and family circumstances could easily identify us.

12. I am also concerned about our names being publicly linked to this case. We want to fight to protect our child and her medical privacy, but we do not want to unnecessarily expose our family to harm and risk our safety. We are scared that we may face retaliation.

13. For all these reasons, I strongly object to the disclosure of my child's Michigan Medicine medical and mental health records to the government.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 5/6/2006

**Parent O.O.**