# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| In re Administrative Subpoenas to Children's Hospitals | Case No.: |

**DECLARATION OF JOSH ROVENGER IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

I, Josh Rovenger, declare as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts, and I am one of the attorneys for movants in this case. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

**GLBTQ Legal Advocates & Defenders Expertise**

2. GLBTQ Legal Advocates & Defenders ("GLAD Law"), is a Massachusetts-based 501(c)(3) organization. GLAD Law is a national nonprofit public-interest legal organization dedicated to advancing justice, equality, and human rights for LGBTQ+ people and people living with HIV through litigation, public policy, advocacy, and public education.

3. Since its founding in 1978, GLAD Law has played a leading role in securing fair and equal treatment for LGBTQ+ people and their families in cases across the country. Among GLAD Law's historic cases are: *Obergefell v. Hodges*, 576 U.S. 644 (2015) (guaranteeing the constitutional right to same-sex marriage); *Fricke v. Lynch*, 491 F. Supp. 381 (D.R.I. 1980 (protecting gay and lesbian students' rights to attend their proms with same-sex dates of their

1

choice and one of the first successful victories in the courtroom for an LGBTQ+ issue involving young people); *Bragdon v. Abbott*, 524 U.S. 624 (1998) (establishing that people with HIV and AIDS are protected by the Americans with Disabilities Act); *Doe v. Yuntis*, 2000 Mass. Super. LEXIS 491 (Mass. Super. Ct. 2000) (ruling that a middle school may not prohibit a transgender student from expressing her female gender and the first reported decision in a case brought by a transgender student); *Doe v. Regional School Unit 26*, 2014 ME 11, 86 A.3d 600 (Me. 2014) (the first time that a state court ruled that denying a transgender student access to the bathroom consistent with their gender identity is unlawful).

4.      GLAD Law has successfully litigated Federal class action lawsuits on behalf of LGBTQ+ individuals, including *Cote v. Wal-Mart Stores, Inc.*, No. 1:15-cv-12945-WGY (D. Mass. May 16, 2017) (approving class-wide settlement of Title VII and Equal Pay Act challenge to Walmart Stores' refusal to offer health insurance benefits to same-sex partners of employees); *Held v. Colvin*, CV-15-1732 (C.D. Cal. Aug. 3, 2015) (approving class-wide settlement to waive recoupment from Supplemental Security Income recipients with same-sex spouses of overpayments sought by the Social Security Administration after federal recognition of same-sex marriage).

5.      Attorneys for GLAD Law served as counsel for Children's National Hospital patients and parents in their prior successful action to quash certain DOJ subpoena demands this Court ruled to be unlawful. Attorneys for GLAD Law have also worked closely with co-counsel at National Center for LGBTQ Rights (NCLR) and Brown Goldstein & Levy LLP in diligently investigating the factual background and circumstances relevant to this new litigation action and the legal rights and claims of movants and the proposed class. GLAD Law is prepared to commit the staff and resources necessary to pursue the litigation to its ultimate resolution.

**<u>Qualifications and Experience of GLAD Law Attorneys</u>**

**A. Josh Rovenger**

6. I received my J.D. from Harvard Law School in 2013 and a B.A. from the George Washington University in 2010.

7. I am a member in good standing of the Bar of the Commonwealth of Massachusetts. I am also in inactive status of the bars of Ohio and the District of Columbia. I am admitted to practice in the United States Supreme Court and multiple other federal courts.

8. Upon graduating from law school, I clerked for the Honorable Michael A. Ponsor of the District of Massachusetts and the Honorable Jeffrey Howard of the First Circuit U.S. Court of Appeals.

9. Since clerking, I have served in a number of different roles, in private practice and in public interest organizations, where my focus has largely been on complex civil litigation and individual representation. This work included complex litigation on behalf of LGBTQ individuals in federal courts, including *Stone v. Trump,* 17-cv-02459 (D. Md.) and *Walker v. Azar,* 20-cv-02834 (E.D. N.Y.). It also included serving as class counsel for tens-of-thousands of individuals in cases representing student loan borrowers challenging government action, *Calvillo Manriquez v. DeVos,* 17-cv-07210 (N.D. Cal.) and *Sweet v. DeVos,* 19-03674 (N.D. Cal.).

10. In January 2024-January 2025, I served as Associate White House Counsel. In that role, I advised the President, senior Administration officials, and White House policy councils on complex legal issues, including the portfolio related to LGBTQ+ equity.

11. Since April 2025, I have served as the Legal Director of GLAD Law. In this role, I oversee GLAD Law's legal department, including its legal strategy and work to advance GLAD Law's mission of promoting justice for LGBTQ+ people. Since starting at GLAD Law, we have

3

filed and are prosecuting numerous cases to defend LGBTQ+ people including several against government action. This includes, but is not limited to, the matter on behalf of Children's National Hospital patients and parents in their prior successful action to quash certain DOJ subpoena demands.

12.    I have taught law as a lecturer at the University of California, Irvine School of Law.

**B. Donovan Bendana**

13.    My colleague, Donovan Bendana, is a member in good standing of the Massachusetts bar.

14.    He received his J.D. from Yale Law School in 2025.

15.    Mr. Bendana joined GLAD Law in August of 2025 upon graduation from law school and is currently in the first year of a two-year legal fellowship.

16.    Mr. Bendana served as counsel for Children's National Hospital patients and parents in the prior successful challenge to DOJ's subpoena requests for patient identities and medical records that this Court ruled to be unlawful. Through that representation, he gained substantial familiarity with the structure and operation of DOJ's administrative subpoena campaign, the Government's asserted legal theories, the privacy and constitutional interests implicated by Requests 11–13, and the practical risks posed by DOJ's efforts to obtain patient records.

I declare, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, that the foregoing statements in this affidavit are true and correct.

Executed May 8, 2026.

4

Josh Rovenger