**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: Administrative Subpoenas to Children's Hospitals | Case No.<br><br>**[PROPOSED] ORDER** |

Pending before the court is Movants' Motion for Class Certification, to Quash Requests 11–13, and for a Preliminary Injunction Enjoining the Department of Justice ("DOJ") from Seeking Compliance with or Enforcing Subpoena Requests 11–13 (ECF No. 1). The Court has reviewed all submissions and it is hereby **ORDERED** that:

1. A class under Rule 23(b)(2) is certified and defined as: all minors, along with their parents or guardians, whose personal health information (PHI) or identifying information is subject, now or in the future, to compelled disclosure under a DOJ subpoena issued under 18 U.S.C. § 3486 as part of DOJ's national investigation into the distribution of certain prescription drugs to minors with gender dysphoria and related disorders seeking records or other PHI relating to transgender healthcare, including but not limited to patient-identifying information, parent/guardian information, clinical records, and informed-consent, intake, and parent or guardian authorization materials, and served on any health care provider or custodian of pediatric medical records, regardless of whether the recipient is formally designated a "children's hospital" under federal law.

2. Appoints Moving Parties, Parent I.I., Youth I.I., Parent J.J., Parent K.K., Parent L.L., Parent M.M., Youth N.N., Parent O.O., Parent P.P., Parent Q.Q., Youth R.R., and Parent S.S., as class representatives for the certified class.

3.  Appoints attorneys from Brown Goldstein & Levy, LLP (Eve L. Hill), GLBTQ Legal Advocates & Defenders (GLAD Law) (Joshua D. Rovenger and Donovan C. Bendana), and National Center for LGBTQ Rights (NCLR) (Shannon Minter and Rachel Berg) as class counsel for the certified class under Federal Rule of Civil Procedure 23(g).

4.  The Subpoenas are quashed as to Requests 11, 12, and 13, and as to any other Subpoena Request to the extent it seeks or requires production of patient medical records, patient identities, or identification of parents or guardians of patients.

5.  DOJ is enjoined from seeking, demanding, receiving, or using patient-identifying information or patient medical records responsive to Requests 11–13 (or materially identical PHI requests, however captioned) in any proceeding or collection effort; must sequester and not use any such PHI already obtained; and is required to provide at least seven days' advance notice to class counsel—and to refrain from receiving or reviewing any such PHI during that period—before filing any enforcement petition or otherwise seeking production of those PHI requests against any provider.

**IT IS SO ORDERED.**

Dated:                                    BY THE COURT:


_____
Judge

2